IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 08-CR-10086 |
| | ) | |
| PHILLIP BOWMAN, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER AND OPINION

This matter is now before the Court on Defendant Bowman's Second Motion for Compassionate Release (D. 55) and the Government's Response (Doc. 60). For the reasons set forth below, Defendant's Motion is DENIED.

## BACKGROUND

On November 12, 2009, Defendant was sentenced to 190 months imprisonment for possession with intent to deliver crack cocaine under 21 U.S.C. §§ 841(a)(1) and (b)(1) and ordered to serve eight years supervised release. (D. 60 at 2). At the time of sentencing, Defendant was designated a "career offender" due in part to two prior convictions for possession with intent to distribute crack cocaine. *Id.* (D. 32). On May 27, 2020, this Court granted Defendant's Amended Motion to Reduce Sentence under Section 404(b) of the First Step Act and reduced his sentence to 178 months imprisonment and six years of supervised release. (D. 52). Defendant now has a release date of June 9, 2020, meaning he will be eligible for halfway house placement in January 2021. (D. 55 at 4).

Prior to Defendant's current incarceration, his criminal record included: trespass to land in 1998; driving on a suspended or revoked license in 2000; possession with intent to distribute crack

cocaine in 2002 and 2003; theft in 2003; interference with official acts and trespass in 2003; possession of a controlled substance with intent to deliver in 2004; and driving on a suspended license in 2008. (D. 18 at ¶¶ 32, 34-41). While in Bureau of Prisons ("BOP") custody, Defendant acquired four disciplinary sanctions, the last one in 2015 for assault without serious injury. (D. 60 at 3).

Defendant initially filed a Motion for Compassionate Release on May 6, 2020, (D. 41), which was dismissed on June 5, 2020, due to Defendant's failure to exhaust necessary administrative remedies. (Minute Entry dated 06/05/2020). On August 10, 2020, Defendant filed his Second Amended Motion to Modify Sentence. (D. 55). On August 31, 2020, the United States filed its Response Opposing Defendant's Motion for Compassionate Release. (D. 60). This Order follows.

## LEGAL STANDARD

Before filing a motion for compassionate release, a defendant is required to first request that BOP file a motion on his behalf. 18 U.S.C. § 3582(c)(1)(A). A court may grant a motion only if it was filed "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf" or after thirty days have passed "from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." *Id*.

The compassionate release statute directs the Court to make three considerations: (1) whether extraordinary and compelling reasons warrant a sentence reduction; (2) whether a reduction is consistent with the factors listed in 18 U.S.C. § 3553(a); and (3) whether a reduction would be "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1).

The Sentencing Guideline's policy statement defines what constitutes extraordinary and compelling reasons that warrant a sentence reduction. *See* U.S. Sentencing Guidelines Manual § 1B1.13 (U.S. Sentencing Comm'n 2018). Application notes explain that the medical condition of the defendant (i.e., if he suffers from a terminal illness or a serious physical or medical condition that "substantially diminishes [his] ability ... to provide self-care within the environment of a correctional facility and from which he ... is not expected to recover"), his age (i.e., if he is 65 and declining in health and has served a large portion of his sentence already), or his family circumstance (i.e., if the caregiver for his minor children dies or becomes incapacitated) can constitute extraordinary and compelling reasons warranting release. *Id.* § 1B1.13 cmt. n.1(A)–(C).

"The mere presence of COVID-19 in a particular prison cannot justify compassionate release—if it could, every inmate in that prison could obtain release." *See, e.g., United States v. Melgarejo*, 2020 WL 2395982 at *5 (C.D. Ill. May 12, 2020). Rather, "a prisoner [may] satisfy the extraordinary and compelling reasons requirement by showing that his particular institution is facing a serious outbreak of COVID-19 infections, the institution is unable to successfully contain the outbreak, and his health condition places him at significant risk of complications should he contract the virus." *Id*. at 5–6.

Finally, a court must deny a sentence reduction unless it determines that a defendant "is not a danger to the safety of any other person or to the community." USSG § 1B1.13(2).

## DISCUSSION

The Court finds the exhaustion requirements have been met, and therefore addresses this matter on the merits. Defendant is a 39-year-old male who seeks compassionate release due to medical conditions that increase his risk for severe illness if he contracts COVID-19, specifically: (1) a history of asthma; (2) a BMI of 33.5 or obesity; and (3) the color of his skin – black. (D. 55

at 2-3). In the records Defendant produced in support of his Motion, he was last treated for asthma in January 2019. The provider's notes for that visit state that Defendant does not use an inhaler, has not had an asthma episode in a long time, and that there was no need for follow up. (D. 57 at 1). According to the CDC, only individuals that suffer from a "moderate-to-severe" form of asthma are at increased risk for severe illness from COVID-19. (https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-at-increased-risk.html (last visited on 9/15/2020)). While the Court notes Defendant's one instance of asthma with acute exacerbation in 2015, there is no record that Defendant has had any other issues with asthma since then and the issue was deemed "resolved" in January 2019. (D. 57 at 1).

Regarding Defendant's weight and the color of his skin, the Court does not find these factors establish an extraordinary and compelling reason to justify a sentence reduction in this case. The materials Defendant produced do not support the conclusion that the color of one's skin makes an individual more vulnerable to COVID-19. (*See* D. 55-3; D. 55-4). Rather, those studies suggest black people are not receiving the same quality of health care as their white counterparts. (D. 55-4). Here, there is no evidence in the record that black inmates at Oxford FCI, or elsewhere, are receiving inferior care to that received by inmates of other races. Additionally, the CDC points to the living conditions of racial and ethnic minority groups as being a possible contributing factor to underlying health conditions and circumstances which make it difficult to follow steps to prevent getting sick with COVID-19 or seek treatment if they do get sick. (D. 55-2). These circumstances simply do not apply to the Defendant.

Apart from his weight, Defendant has identified no medical condition making him particularly susceptible to complications from COVID-19. Further, in contrast to some of the other BOP facilities where COVID-19 outbreaks are uncontrolled, Oxford FCI had no COVID-19 cases

among its inmates at the time Defendant filed his Motion. (D. 55 at 3).  Therefore, the Court finds Defendant has failed to meet his burden of establishing extraordinary and compelling circumstances justifying his release.

The Court's consideration of § 3553(a) factors also militates against early release for this Defendant. The Court recently reduced Defendant's sentence from 190 months to 176 months and his term of supervision from 8 years to 6 years. (D. 52). The Court finds this sentence appropriate considering the sentencing guidelines, the fact Defendant's offense was repeated and serious, and coupled with his history as a "career offender."

Accordingly, the Court finds that his early release would not be justifiable under the § 3553(a) factors and denies Defendant's request for sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A).

## CONCLUSION

For the reasons set forth above, Defendant's Second Motion for Compassionate Release [55] is DENIED.

Entered: September 17, 2020

s/ Michael M. Mihm
Michael M. Mihm
United States District Judge